# BAKER CONCRETE CONSTRUCTION, INC. v. FLORIDA BUDGET LOAN PLAN, INC.

### Case No. 83-269-AP

Eleventh Judicial Circuit, Appellate Division, Dade County

October 3, 1984

## APPEARANCES OF COUNSEL

**Craig Talesman** for appellant.

**Carl L. Laks** for appellee.

Before LANTZ, BARAD and FEDER, JJ.

## OPINION OF THE COURT

FEDER, Judge.

The above matter is on appeal from a Final Judgment against appellant on a Writ of Garnishment served on a Mary Bodkin, an employee of Garnishee-Appellant. The only question is the validity of the service since a Default was entered against the Garnishee.

Florida Statute 48.081 carefully delineates the order of preference of service on a foreign corporation, and it must be strictly construed. The reason for setting forth this order of preference for service of process is to constitutionally and fairly balance the rights of a foreign corporation

to receive *actual* notice in sufficient time to raise legal defenses against the corresponding rights of Florida citizens to seek and obtain legal redress against foreign corporations doing business in Florida.

(*3) of F.S. 48.081 reads as follows:

"As an alternative to all foregoing, process may be served on the agent designated by the corporation under Section 48.091. *However, if service cannot be made on a registered agent because of failure to comply with Section 48.091, service of process shall be permitted on any employee at the corporation's place of business.*" (Emphasis supplied)

There is no dispute in the record that Baker Concrete complied with Florida Statute 48.091.

Herein, the Writ of Garnishment was defective in that the directions to the Sheriff for service of said Writ were directed to:

"Baker Concrete Construction, Inc., Attn: Personnel, 4647 Orange Drive Fort Lauderdale, Florida"

Since "personnel" is neither of the categories listed in paragraph (*1) or (2) and a resident agent was available for service of process as set forth in paragraph (3), Appellee was not entitled to serve an employee until *after* exhausting attempts at service on any of the higher categories. For this reason the Final Judgment against Garnishee-Appellant must be reversed.

PER CURIAM is hereby reversed.